# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **YETI COOLERS, LLC,** | **Case No. 1:16-cv-00454-RP** |
| **Plaintiff,** | **The Honorable Robert L. Pitman** |
| **vs.** | |
| **WAL-MART STORES, INC. and OLYMPIA TOOLS INTERNATIONAL, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## WAL-MART STORES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant Wal-Mart Stores, Inc. ("Walmart") hereby answers Plaintiff YETI Coolers, LLC's ("Yeti") First Amended Complaint (the "Complaint") filed on May 24, 2016. Walmart denies each and every allegation in the Complaint unless expressly admitted herein.

## RESPONSES TO SPECIFIC ALLEGATIONS OF FIRST AMENDED COMPLAINT

### The Parties

1.      Walmart lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 1, and therefore denies the same.

2.      Walmart admits that Wal-Mart Stores, Inc. is a corporation organized under the laws of the State of Delaware with a principal place of business at 702 S.W. 8th Street, Bentonville, Arkansas, 72716, and does business under the name Walmart. Walmart denies that Wal-Mart Stores, Inc. does business through the website www.walmart.com.

3.      Walmart admits that Olympia Tools International, Inc. ("Olympia") is a supplier to Walmart, but denies that Olympia has supplied Walmart with any products that infringe Yeti's

rights.   Walmart lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 3, and therefore denies the same.

## **Jurisdiction and Venue**

4.      Paragraph 4 contains legal conclusions to which no answer is required.  To the extent an answer is required, Walmart admits that this action purports to assert claims for patent infringement, trade dress infringement, unfair competition and false designation of origin, trade dress dilution, misappropriation, and unjust enrichment, but denies that the Complaint states any valid claims thereunder.

5.      Paragraph 5 contains legal conclusions to which no answer is required.  To the extent an answer is required, Walmart admits this Court has subject matter jurisdiction.

6.      Paragraph 6 contains legal conclusions to which no answer is required.  To the extent an answer is required, Walmart admits that it advertises, offers to sell, and sells the accused products to customers in Texas, including in this District.  Walmart denies that it has committed any act of infringement or tortious act in this or any other District.

7.      Paragraph 7 contains legal conclusions to which no answer is required.  To the extent an answer is required, Walmart lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 7, and therefore denies the same.

8.      Paragraph 8 contains legal conclusions to which no answer is required.  To the extent an answer is required, Walmart denies that venue is convenient or appropriate in this District.

## General Allegations – Yeti's Business and Intellectual Property[1]

9.      Walmart lacks sufficient information to admit or deny the allegations concerning Yeti's alleged development, manufacture, and sale of insulated drinkware, and therefore denies the same.  Walmart denies the remaining allegations in Paragraph 9.

10.      Walmart admits that an uncertified copy of U.S. Design Patent No. D752,397 ("'397 patent") is attached to the Complaint as Exhibit 1 and that it is entitled "Beverage Holder."  Walmart denies that the '397 patent was duly and legally issued.  Walmart lacks sufficient information to admit or deny the remaining allegations in Paragraph 10, and therefore denies the same.

11.      Walmart denies the allegations in Paragraph 11.

12.      Walmart lacks sufficient information to admit or deny the allegations in Paragraph 12, and therefore denies the same.

13.      Walmart lacks sufficient information to admit or deny the allegations in Paragraph 13, and therefore denies the same.

14.      Walmart denies the allegations in Paragraph 14.

15.      Walmart lacks sufficient information to admit or deny the allegations in Paragraph 15, and therefore denies the same.

16.      Walmart denies the allegations in Paragraph 16.

17.      Walmart lacks sufficient information to admit or deny the allegations in Paragraph 17, and therefore denies the same.

18.      Walmart denies the allegations in Paragraph 18.

---

[1] For convenience and clarity, Walmart's Answer uses the same headings as Yeti's Complaint.  Walmart denies all allegations contained in Yeti's headings.

19.     Walmart lacks sufficient information to admit or deny the allegations in Paragraph 19, and therefore denies the same.

20.     Walmart denies the allegations in Paragraph 20.

21.     Walmart denies the allegations in Paragraph 21.

### General Allegations – Wal-Mart's Unlawful Activities

22.     Walmart denies the allegations in Paragraph 22.

23.     Walmart denies that any of its products infringe Yeti's rights.   Walmart lacks sufficient information to admit or deny the remaining allegations in Paragraph 23, and therefore denies the same.

24.     Walmart denies the allegations in Paragraph 24.

25.     Walmart denies the allegations in Paragraph 25.

26.     Walmart denies the allegations in Paragraph 26.

### Count I:
### Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103

27.     Walmart incorporates its responses to Paragraphs 1 through 26 as if fully set forth herein.

28.     Walmart denies the allegations in Paragraph 28.

29.     Walmart denies the allegations in Paragraph 29.

30.     Walmart denies the allegations in Paragraph 30.

31.     Walmart denies the allegations in Paragraph 31.

32.     Walmart denies the allegations in Paragraph 32.

33.     Walmart denies the allegations in Paragraph 33.

**Count II:**
**Patent Infringement Under 35 U.S.C. § 271**

34.     Walmart incorporates its responses to Paragraphs 1 through 33 as if fully set forth

herein.

35.     Walmart denies the allegations in Paragraph 35.

36.     Walmart denies the allegations in Paragraph 36.

37.     Walmart denies the allegations in Paragraph 37.

38.     Walmart denies the allegations in Paragraph 38.

39.     Walmart denies the allegations in Paragraph 39.

**Count III:**
**Trade Dress Infringement Under § 43(a) of the Lanham Act,**
**15 U.S.C. § 1125(a)**

40.     Walmart incorporates its responses to Paragraphs 1 through 39 as if fully set forth

herein.

41.     Walmart denies the allegations in Paragraph 41.

42.     Walmart denies the allegations in Paragraph 42.

43.     Walmart denies the allegations in Paragraph 43.

44.     Walmart denies the allegations in Paragraph 44.

45.     Walmart denies the allegations in Paragraph 45.

**Count IV:**
**Unfair Competition and False Designation of Origin Under § 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

46.     Walmart incorporates its responses to Paragraphs 1 through 45 as if fully set forth

herein.

47.     Walmart denies the allegations in Paragraph 47.

48.     Walmart denies the allegations in Paragraph 48.

49.     Walmart denies the allegations in Paragraph 49.

50.     Walmart denies the allegations in Paragraph 50.

51.     Walmart denies the allegations in Paragraph 51.

**Count V:**
**Trade Dress Dilution Under § 43(c) of the Lanham Act, 15 U.S.C. §1125(c)**

52.     Walmart incorporates its responses to Paragraphs 1 through 51 as if fully set forth herein.

53.     Walmart denies the allegations in Paragraph 53.

54.     Walmart denies the allegations in Paragraph 54.

55.     Walmart denies the allegations in Paragraph 55.

56.     Walmart denies the allegations in Paragraph 56.

57.     Walmart denies the allegations in Paragraph 57.

58.     Walmart denies the allegations in Paragraph 58.

**Count VI:**
**Common Law Trade Dress Infringement**

59.     Walmart incorporates its responses to Paragraphs 1 through 58 as if fully set forth herein.

60.     Walmart denies the allegations in Paragraph 60.

61.     Walmart denies the allegations in Paragraph 61.

62.     Walmart denies the allegations in Paragraph 62.

63.     Walmart denies the allegations in Paragraph 63.

64.     Walmart denies the allegations in Paragraph 64.

## Count VII:
## Common Law Unfair Competition

65.     Walmart incorporates its responses to Paragraphs 1 through 64 as if fully set forth herein.

66.     Walmart denies the allegations in Paragraph 66.

67.     Walmart denies the allegations in Paragraph 67.

68.     Walmart denies the allegations in Paragraph 68.

69.     Walmart denies the allegations in Paragraph 69.

70.     Walmart denies the allegations in Paragraph 70.

## Count VIII:
## Common Law Misappropriation

71.     Walmart incorporates its responses to Paragraphs 1 through 70 as if fully set forth herein.

72.     Walmart denies the allegations in Paragraph 72.

73.     Walmart denies the allegations in Paragraph 73.

74.     Walmart denies the allegations in Paragraph 74.

75.     Walmart denies the allegations in Paragraph 75.

76.     Walmart denies the allegations in Paragraph 76.

77.     Walmart denies the allegations in Paragraph 77.

## Count IX:
## Unjust Enrichment

78.     Walmart incorporates its responses to Paragraphs 1 through 77 as if fully set forth herein.

79.     Walmart denies the allegations in Paragraph 79.

80.     Walmart denies the allegations in Paragraph 80.

81.     Walmart denies the allegations in Paragraph 81.

82.     Walmart denies the allegations in Paragraph 82.

83.     Walmart denies the allegations in Paragraph 83.

84.     Walmart denies the allegations in Paragraph 84.

### Demand for Jury Trial

85.     Walmart admits that Yeti purports to demand a jury trial.

### Relief Sought

Walmart denies that Yeti is entitled to any of the relief sought in its Complaint or to any relief whatsoever.

### AFFIRMATIVE DEFENSES

By alleging the Affirmative Defenses set forth below, Walmart does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, either in whole or in part.  For its Affirmative Defenses to the Complaint, Walmart alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

1.      The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (No Patent Infringement)

2.      Walmart has not infringed and is not infringing any valid or enforceable claim of U.S. Patent No. D752,397 ("'397 patent"),  either literally or under the doctrine of equivalents, willfully or otherwise.

## THIRD AFFIRMATIVE DEFENSE
### (Patent Invalidity)

3.     The '397 patent is invalid and/or unenforceable for failing to meet one or more of the requisite conditions for patentability under Title 35 of the United States Code, including, without limitation, §§ 102, 103, 112, and/or 171.

## FOURTH AFFIRMATIVE DEFENSE
### (No Exceptional Case)

4.     This is not an "exceptional" case within the meaning of 35 U.S.C. § 285 or 15 U.S.C. § 1117(a).

## FIFTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief)

5.     Yeti is not entitled to injunctive relief because any alleged injury to Yeti is neither immediate nor irreparable, and Yeti has an adequate remedy at law.

## SIXTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

6.     Yeti's claims against Walmart are barred in whole or in part by one or more of the equitable doctrines of estoppel, waiver, or unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
### (Preclusion of Costs)

7.     To the extent the '397 patent is held to be invalid, Yeti must be precluded from recovering costs related to this action pursuant to 35 U.S.C. § 288.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Willfulness)

8.     Should Walmart be found to infringe any valid, enforceable claim of the '397 patent or Yeti's trade dress, such infringement was not willful.

## NINTH AFFIRMATIVE DEFENSE
### (No Trade Dress Infringement)

9.      Walmart has not infringed, and does not infringe, any valid, enforceable trade dress of Yeti.

## TENTH AFFIRMATIVE DEFENSE
### (Trade Dress Invalidity)

10.      Yeti's trade dress is invalid and unenforceable because it is generic, not distinctive, functional, and has not acquired secondary meaning.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Trade Dress Dilution)

11.      Walmart has not diluted any valid, enforceable trade dress of Yeti.

## TWELFTH AFFIRMATIVE DEFENSE
### (Unfair Competition and False Designation of Origin)

12.      Walmart has not engaged in any unfair competition or false designation of origin against Yeti.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Misappropriation)

13.      Walmart has not engaged in any acts of misappropriation against Yeti.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

14.      Walmart has not committed any acts resulting in unjust enrichment against Yeti.

## RESERVATION OF ADDITIONAL DEFENSES

15.      Walmart reserves any and all additional defenses available under Sections 15 and 35 of the  United States Code, the rules, regulations, or laws related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, and/or otherwise in law or equity, now existing, or later arising, as may be discovered.

## JURY TRIAL DEMAND

Walmart demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Walmart requests entry of judgment in its favor and against Yeti as follows:

A.  Dismiss Yeti's Complaint in its entirety, with prejudice;

B.  Enter judgment in favor of Walmart and against Yeti;

C.  Enter a judgment and declaration that Walmart has not infringed the '397 patent;

D.  Enter a judgment and declaration that the '397 patent is invalid;

E.  Enter a judgment and declaration that Yeti's asserted trade dress is invalid;

F.  Enter a judgment and declaration that Walmart has not infringed any valid, enforceable trade dress of Yeti under the Lanham Act;

G.  Enter a judgment and declaration that Walmart has not committed any acts of unfair competition and false designation of origin under the Lanham Act;

H.  Enter a judgment and declaration that Walmart has not committed any acts of trade dress dilution under the Lanham Act;

I.  Enter a judgment and declaration that Walmart has not committed any acts of trade dress dilution under Tex. Bus. & Com. Code § 16.103;

J.  Enter a judgment and declaration that Walmart has not infringed any valid, enforceable trade dress of Yeti under the common law of the state of Texas;

K.  Enter a judgment and declaration that Walmart has not committed any acts of unfair competition under the common law of the state of Texas;

L.   Enter a judgment and declaration  that Walmart has not committed any acts of misappropriation under the common law of the state of Texas;

M.   Enter a judgment and declaration that Walmart has not committed any acts resulting in unjust enrichment under the common law of the state of Texas;

N.   Enter a judgment and declaration  that no damages or royalties, attorneys' fees, costs, pre- or post-judgment interest, or any other compensation or damages are due or owed by Walmart to Yeti for any of the acts alleged in Yeti's Complaint;

O.   Deny Yeti's request for injunctive relief;

P.   Permanently enjoin Yeti, its officers, employees, agents, and those in privity with any of them from directly or indirectly charging or instituting any action for infringement of any of Yeti's asserted trade dress against Walmart or any other person or entity in privity with Walmart, including without limitation Walmart's successors, assigns, agents, suppliers, and customers;

Q.   Award to Walmart its attorneys' fees, expenses, and costs incurred in this action, pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117(a); and

R.   Award to Walmart such other and further relief as the Court may deem just.


Dated:  June 7, 2016                           Respectfully submitted,

                                               Tara D. Elliott (*pro hac vice pending*)
                                               D.C. Bar No. 489850
                                               tara.elliott@wilmerhale.com
                                               **Wilmer Cutler Pickering Hale
                                                 & Dorr LLP**
                                               1875 Pennsylvania Avenue, NW
                                               Washington, D.C.  20006
                                               202.663.6000
                                               202.663.6363 fax

Sameer Ahmed (*pro hac vice pending*)
Mass. Bar No. 688952
sameer.ahmed@wilmerhale.com
**Wilmer Cutler Pickering Hale
  & Dorr LLP**
60 State Street
Boston, Massachusetts  02109
617.526.6000
617.526.5000 fax

**Weisbart Springer Hayes LLP**
212 Lavaca Street, Suite 200
Austin, Texas  78701
512.652.5780
512.682.2074 fax


By:/s/ Sherrard (Butch) Hayes
Sherrard (Butch) Hayes
Texas Bar No. 00784232
shayes@wshllp.com
Sara E. Janes
Texas Bar No. 24056551
sjanes@wshllp.com

*Attorneys for Wal-Mart Stores, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(b) on this 7th day of June, 2016.


/s/ Sherrard (Butch) Hayes
Sherrard (Butch) Hayes