IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YETI COOLERS, LLC, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § § | Case No. 1:16-cv-00454 |
| WAL-MART STORES, INC. and, OLYMPIA TOOLS INTERNATIONAL, INC., | | JURY TRIAL DEMANDED |
| Defendants. | | |

**OLYMPIA TOOLS INTERNATIONAL, INC.'S ANSWER TO YETI COOLERS, LLC'S FIRST AMENDED COMPLAINT**

Defendant OLYMPIA TOOLS INTERNATIONAL, INC. (referred to herein as "Olympia" for the purpose of this answer only), through its undersigned counsel, hereby files this Answer to the First Amended Complaint (hereinafter "the Complaint") filed by Plaintiff YETI Coolers, LLC. ("YETI"), as follows:

**RESPONSES TO SPECIFIC ALLEGATIONS OF FIRST AMENDED COMPLAINT**

**The Parties**

1. Olympia is without knowledge sufficient to admit or deny the allegations of Paragraph 1 of the Complaint and, therefore, on that basis denies the allegations in that paragraph.

2. Olympia is without knowledge sufficient to admit or deny the allegations of Paragraph 2 of the Complaint and, therefore, on that basis denies the allegations in that paragraph.

3. Olympia admits that Olympia Tools International, Inc. ("Olympia") is a corporation organized under the laws of the State of California, with a principal place of business at 929 N. Grand Avenue, Covina, CA 91724. Olympia admits that its website is www.olympiatools.com, but otherwise denies the allegations. Olympia admits that it is a supplier to Wal-Mart Stores, Inc. ("Wal-Mart"), but denies that Olympia has supplied Wal-Mart with any infringing products. Olympia otherwise denies the allegations of Paragraph 3 of the Complaint.

### Jurisdiction and Venue

4. Olympia admits that the Complaint purports to state an action arising under the Patent Laws, but denies the legal sufficiency of Plaintiff's claims against Olympia, denies that Plaintiff has any viable claim for patent infringement against Olympia, and otherwise denies the allegations of Paragraph 4 of the Complaint.

5. Olympia admits that the Court has subject matter jurisdiction because the Complaint purports to state an action arising under the Patent Laws, but denies the legal sufficiency of Plaintiff's claims against Olympia, denies that Plaintiff has any viable claim for patent infringement against Olympia, and otherwise denies the allegations of Paragraph 5 of the Complaint.

6. Paragraph 6 contains legal conclusions to which no answer is required. To the extent an answer is required, Olympia lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 6, and therefore denies the same.

7. For purposes of this action, Olympia does not contest that this Court has personal jurisdiction over Olympia, but denies it has committed, or continues to commit acts of

infringement in this state and otherwise denies the remaining allegations of Paragraph 7 of the Complaint.

8. Paragraph 8 contains legal conclusions to which no answer is required. To the extent an answer is required, Olympia admits that venue is proper in this District.

### General Allegations – YETI's Business and Intellectual Property

9. Olympia is without knowledge sufficient to admit or deny the allegations of Paragraph 9 of the Complaint and, therefore, on that basis denies the allegations in that paragraph.

10. Olympia admits that an uncertified copy of U.S. Design Patent No. D752,397 ("the '397 Patent") is attached to the Complaint as Exhibit 1 and that it is entitled "Beverage Holder." Olympia denies that the '397 Patent was duly and legally issued. Olympia otherwise denies the remaining allegations in Paragraph 10.

11. Olympia denies the allegations in Paragraph 11 of the Complaint.

12. Olympia is without knowledge sufficient to admit or deny the allegations of Paragraph 12 of the Complaint and, therefore, on that basis denies the allegations in that paragraph.

13. Olympia is without knowledge sufficient to admit or deny the allegations of Paragraph 13 of the Complaint and, therefore, on that basis denies the allegations in that paragraph.

14. Olympia denies the allegations in Paragraph 14 of the Complaint.

15. Olympia is without knowledge sufficient to admit or deny the allegations of Paragraph 15 of the Complaint and, therefore, on that basis denies the allegations in that paragraph.

16. Olympia denies the allegations in Paragraph 16 of the Complaint.

17. Olympia is without knowledge sufficient to admit or deny the allegations of Paragraph 17 of the Complaint and, therefore, on that basis denies the allegations in that paragraph.

18. Olympia denies the allegations in Paragraph 18 of the Complaint.

19. Olympia is without knowledge sufficient to admit or deny the allegations of Paragraph 19 of the Complaint and, therefore, on that basis denies the allegations in that paragraph.

20. Olympia denies the allegations in Paragraph 20 of the Complaint.

21. Olympia denies the allegations in Paragraph 21 of the Complaint.

**General Allegations – Wal-Mart's and Olympia's Allegedly "Unlawful" Activities**

22. Olympia denies the allegations in Paragraph 22 of the Complaint.

23. Olympia denies the allegations in Paragraph 23 of the Complaint.

24. Olympia denies the allegations in Paragraph 24 of the Complaint.

25. Olympia denies the allegations in Paragraph 25 of the Complaint.

26. Olympia denies the allegations in Paragraph 26 of the Complaint.

**Count I:**
**Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103**

27. In response to Paragraph 27 of the Complaint, Olympia incorporates its response to Paragraphs 1 through 26 of the Complaint as though fully set forth herein.

28. Olympia denies the allegations in Paragraph 28 of the Complaint.

29. Olympia denies the allegations in Paragraph 29 of the Complaint.

30. Olympia denies the allegations in Paragraph 30 of the Complaint.

31. Olympia denies the allegations in Paragraph 31 of the Complaint.

32. Olympia denies the allegations in Paragraph 32 of the Complaint.

33. Olympia denies the allegations in Paragraph 33 of the Complaint.

## Count II:
## Patent Infringement Under 35 U.S.C. § 271

34. In response to Paragraph 34 of the Complaint, Olympia incorporates its response to Paragraphs 1 through 33 of the Complaint as though fully set forth herein.

35. Olympia denies the allegations in Paragraph 35 of the Complaint.

36. Olympia denies the allegations in Paragraph 36 of the Complaint.

37. Olympia denies the allegations in Paragraph 37 of the Complaint.

38. Olympia denies the allegations in Paragraph 38 of the Complaint.

39. Olympia denies the allegations in Paragraph 39 of the Complaint.

## Count III:
## Trade Dress Infringement Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

40. In response to Paragraph 40 of the Complaint, Olympia incorporates its response to Paragraphs 1 through 39 of the Complaint as though fully set forth herein.

41. Olympia denies the allegations in Paragraph 41 of the Complaint.

42. Olympia denies the allegations in Paragraph 42 of the Complaint.

43. Olympia denies the allegations in Paragraph 43 of the Complaint.

44. Olympia denies the allegations in Paragraph 44 of the Complaint.

45. Olympia denies the allegations in Paragraph 45 of the Complaint.

## Count IV:
## Unfair Competition and False Designation of Origin Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

46. In response to Paragraph 46 of the Complaint, Olympia incorporates by reference Paragraphs 1 through 45 of the Complaint as though fully set forth herein.

47. Olympia denies the allegations in Paragraph 47 of the Complaint.

48. Olympia denies the allegations in Paragraph 48 of the Complaint.

49. Olympia denies the allegations in Paragraph 49 of the Complaint.

50. Olympia denies the allegations in Paragraph 50 of the Complaint.

51. Olympia denies the allegations in Paragraph 51 of the Complaint.

**Count V:**
**Trade Dress Dilution Under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

52. In response to Paragraph 52 of the Complaint, Olympia incorporates by reference Paragraphs 1 through 51 of the Complaint as though fully set forth herein.

53. Olympia denies the allegations in Paragraph 53 of the Complaint.

54. Olympia denies the allegations in Paragraph 54 of the Complaint.

55. Olympia denies the allegations in Paragraph 55 of the Complaint.

56. Olympia denies the allegations in Paragraph 56 of the Complaint.

57. Olympia denies the allegations in Paragraph 57 of the Complaint.

58. Olympia denies the allegations in Paragraph 58 of the Complaint.

**Count VI:**
**Common Law Trade Dress Infringement**

59. In response to Paragraph 59 of the Complaint, Olympia incorporates by reference Paragraphs 1 through 58 of the Complaint as though fully set forth herein.

60. Olympia denies the allegations in Paragraph 60 of the Complaint.

61. Olympia denies the allegations in Paragraph 61 of the Complaint.

62. Olympia denies the allegations in Paragraph 62 of the Complaint.

63. Olympia denies the allegations in Paragraph 63 of the Complaint.

64. Olympia denies the allegations in Paragraph 64 of the Complaint.

## Count VII:
## Common Law Unfair Competition

65. In response to Paragraph 65 of the Complaint, Olympia incorporates by reference Paragraphs 1 through 64 of the Complaint as though fully set forth herein.

66. Olympia denies the allegations in Paragraph 66 of the Complaint.

67. Olympia denies the allegations in Paragraph 67 of the Complaint.

68. Olympia denies the allegations in Paragraph 68 of the Complaint.

69. Olympia denies the allegations in Paragraph 69 of the Complaint.

70. Olympia denies the allegations in Paragraph 70 of the Complaint.

## Count VIII:
## Common Law Misappropriation

71. In response to Paragraph 71 of the Complaint, Olympia incorporates by reference Paragraphs 1 through 70 of the Complaint as though fully set forth herein.

72. Olympia denies the allegations in Paragraph 72 of the Complaint.

73. Olympia denies the allegations in Paragraph 73 of the Complaint.

74. Olympia denies the allegations in Paragraph 74 of the Complaint.

75. Olympia denies the allegations in Paragraph 75 of the Complaint.

76. Olympia denies the allegations in Paragraph 76 of the Complaint.

77. Olympia denies the allegations in Paragraph 77 of the Complaint.

## Count IX:
## Unjust Enrichment

78. In response to Paragraph 78 of the Complaint, Olympia incorporates by reference Paragraphs 1 through 77 of the Complaint as though fully set forth herein.

79. Olympia denies the allegations in Paragraph 79 of the Complaint.

80. Olympia denies the allegations in Paragraph 80 of the Complaint.

81. Olympia denies the allegations in Paragraph 81 of the Complaint.

82. Olympia denies the allegations in Paragraph 82 of the Complaint.

83. Olympia denies the allegations in Paragraph 83 of the Complaint.

84. Olympia denies the allegations in Paragraph 84 of the Complaint.

## Demand for Jury Trial

85. The allegations of Paragraph 85 of the Complaint do not require a response, but Olympia demands a trial by jury of all issues triable of right to a jury and raised by the pleadings in this action.

## Relief Sought

Olympia denies that YETI is entitled to any relief whatsoever against Olympia in this action, as requested in its Complaint or otherwise. YETI's prayer should therefore be denied in its entirety and with prejudice, and YETI should take nothing therefor.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, Olympia alleges the following defenses, but without assuming any burden of proof or persuasion by so doing. Olympia reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in this case.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

1. The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(No Patent Infringement)**

2.  Olympia does not infringe and has not infringed any claim of the '397 Patent, either literally or under the doctrine of equivalents, by direct, contributory, or induced infringement.

**THIRD AFFIRMATIVE DEFENSE**
**(Patent Invalidity)**

3.  The claims of the '397 Patent are invalid for failure to satisfy the conditions of patentability under the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112 and/or 171.

**FOURTH AFFIRMATIVE DEFENSE**
**(Adequate Remedy at Law)**

4.  YETI is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for the alleged infringement.

**FIFTH AFFIRMATIVE DEFENSE**
**(No Exceptional Case)**

5.  This is not an "exceptional" case within the meaning of 35 U.S.C. § 285 or 15 U.S.C. § 1117(a).

**SIXTH AFFIRMATIVE DEFENSE**
**(Equitable Defenses)**

6.  The relief sought by the Plaintiff is barred, in whole or in part, by the doctrine of waiver with respect to trade dress.

**SEVENTH AFFIRMATIVE DEFENSE**
**(No Willfulness)**

7.  Should Olympia be found to infringe any valid, enforceable claim of the '397 Patent or YETI's alleged trade dress, such infringement was not willful.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Trade Dress Infringement)

8. Olympia has not infringed, and does not infringe, any valid, enforceable trade dress of YETI.

### NINTH AFFIRMATIVE DEFENSE
### (Trade Dress Invalidity)

9. YETI's trade dress is invalid and unenforceable because it is generic, not distinctive, functional, and has not acquired secondary meaning.

### TENTH AFFIRMATIVE DEFENSE
### (Fair Use)

10. YETI is not entitled to relief because the use by Olympia of the asserted trade dress is protected by the fair use doctrine.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Abandonment)

11. YETI has, through acts or omissions, abandoned the asserted trade dress.

### RESERVATION OF ADDITIONAL DEFENSES

12. Olympia reserves any and all additional defenses available under Sections 15 and 35 of the United States Code, the rules, regulations, or laws related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, and/or otherwise in law or equity, now existing, or later arising, as may be discovered.

### DEMAND FOR JURY TRIAL

Olympia demands a jury trial on all issues so triable.

### OLYMPIA'S PRAYER FOR RELIEF

WHEREFORE, Olympia Tools International, Inc. respectfully asks this Court to enter judgment against YETI Coolers, LLC and grant the following relief:

a) dismiss YETI's Complaint in its entirety, with prejudice, and that YETI take nothing by its Complaint, and that judgment be entered in favor of Olympia;

b) enter a judgment that Olympia has not infringed, and is not infringing, any claim of the '397 Patent;

c) enter a judgment that each of the claims of the '397 Patent is invalid;

d) enter a judgment that YETI's asserted trade dress is invalid;

e) enter a judgment that Olympia has not infringed any valid, enforceable trade dress of YETI under the Lanham Act;

f) enter a judgment that Olympia has not committed any acts of unfair competition and false designation of origin under the Lanham Act;

g) enter a judgment that Olympia has not committed any acts of trade dress dilution under the Lanham Act;

h) enter a judgement that Olympia has not committed any acts of trade dress dilution under Tex. Bus. & Com. Code § 16.103;

i) enter a judgement that Olympia has not infringed any valid, enforceable trade dress of YETI under the common law of the State of Texas;

j) enter a judgement that Olympia has not committed any acts of unfair competition under the common law of the State of Texas;

k) enter a judgement that Olympia has not committed any acts of misappropriation under the common law of the State of Texas;

l) enter a judgment that Olympia has not committed any acts resulting in unjust enrichment under the common law of the State of Texas;

m)	enter a judgement that no damages or royalties, attorneys' fees, costs, pre- or post-judgment interest, or any other compensation or damages are due or owed by Olympia to YETI for any of the acts alleged in the Complaint;

n)	deny YETI's request for injunctive relief;

o)	enter a judgment that this action constitutes an exceptional case under 35 U.S.C. § 285 and that Olympia be awarded costs of suit that Olympia has incurred, including attorneys' fees, and any additional relief that the Court deems appropriate; and

p)	grant such other relief as this Court deems just and proper.

Respectfully submitted,

/s/Jerry R. Selinger
Jerry R. Selinger
State Bar No. 18008250
PATTERSON & SHERIDAN, LLP
1700 Pacific Avenue, Suite 2650
Dallas, Texas  75201
Telephone:  214-272-0957
Facsimile:  713-623-4846
jselinger@pattersonsheridan.com

ATTORNEYS FOR DEFENDANT
OLYMPIA TOOLS INTERNATIONAL, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(b) on this 14th day of July, 2016.

/s/Jerry R. Selinger
Jerry R. Selinger