UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **YETI COOLERS, LLC,**<br><br>  Plaintiff,<br><br>v.<br><br>**WAL-MART STORES, INC. and OLYMPIA TOOLS INTERNATIONAL, INC.,**<br><br>  Defendants. | Case No. 1:16-cv-00454-RP<br><br>The Honorable Robert L. Pitman<br><br>**JURY TRIAL DEMANDED** |

### JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), Plaintiff YETI Coolers, LLC ("YETI") and Defendants Wal-Mart Stores, Inc. ("Walmart") and Olympia Tools International, Inc. ("Olympia") (Walmart and Olympia collectively "Defendants"), (and YETI and Defendants collectively "the Parties") jointly submit this report.

1. **Rule 26(f) Conference**

    Counsel for the Parties conferred on July 14, 2016 as required by Fed. R. Civ. P. 26(f). YETI was represented by Janice V. Mitrius; Walmart was represented by Tara D. Elliott, Sameer Ahmed, and Butch Hayes; and Olympia was represented by Jerry R. Selinger.

2. **Nature and Basis of Claims and Defenses**

    a. YETI's Position

    For several years, YETI has engaged in the development, manufacture, and sale of drinkware. YETI created unique, distinctive, and non-functional designs to use with YETI's drinkware. YETI has extensively and continuously promoted and used these designs in the

United States and in Texas.  Through that extensive and continuous use, the YETI designs have become a well-known indicator of the origin and quality of YETI drinkware.  The YETI designs also have acquired substantial secondary meaning in the marketplace and have become famous.  YETI owns trademark and trade dress rights relating to the source identifying features of its drinkware designs.  YETI is also the owner of all right, title, and interest in U.S. Patent No. D752,397 ("the '397 patent").  The '397 patent is a design patent titled "Beverage Holder," and it was issued by the U.S. Patent Office on March 29, 2016.  YETI also owns trade dress rights in its "YETI Rambler™ Colster®" beverage holder, "YETI 30 oz. Rambler™ Tumbler," and "YETI 20 oz. Rambler™ Tumbler," (collectively "YETI's Trade Dress").  YETI also owns additional intellectual property that is not presently involved in this suit.

Defendants have and continue to misappropriate the goodwill and secondary meaning in YETI's Trade Dress and infringe the '397 patent, because, at least, Defendants have been and continue to advertise, offer for sale, and sell drinkware products that infringe and dilute YETI's Trade Dress and that infringe YETI's '397 patent.  Defendants' unlawful conduct also gives rise to YETI's claims for false designation of origin, unjust enrichment, and misappropriation.

  b. <u>Walmart's Position</u>

Walmart is a multinational retail business headquartered in Arkansas that operates a chain of stores offering a wide assortment of quality merchandise at everyday low prices, including a wide variety of drinkware products.

Without any prior notice to Walmart of any alleged infringement, YETI filed its initial Complaint on April 8, 2016.  Contrary to YETI's allegations, Walmart's Ozark Trail 20 oz. Vacuum Insulated Stainless Steel Tumbler, Ozark Trail 30 oz. Vacuum Insulated Stainless Steel Tumbler, and Ozark Trail Vacuum Insulated Stainless Steel Cold1 (collectively, the "Accused

Products") do not infringe or dilute any valid, enforceable trade dress of YETI. YETI's purported trade dress is invalid and unenforceable because it is generic, not distinctive, functional, and has not acquired secondary meaning. The Cold1 product does not infringe any valid or enforceable claim of the '397 patent. The '397 patent is also invalid and/or unenforceable for failing to meet one or more of the requisite conditions for patentability under Title 35 of the United States Code, including, without limitation, §§ 102, 103, 112, and/or 171. Finally, Walmart has not engaged in any false designation of origin, unfair competition, misappropriation, or unjust enrichment.

    c.  <u>Olympia's Position</u>

Olympia is a corporation organized under the laws of the State of California, with a principal place of business at 929 N. Grand Avenue, Covina, CA 91724. Olympia supplies products to Walmart, including products for which Walmart was sued by YETI on April 8, 2016. Contrary to YETI's allegations, Olympia does not infringe or dilute any valid, enforceable trade dress of YETI because Walmart's Ozark Trail 20 oz. Vacuum Insulated Stainless Steel Tumbler, Ozark Trail 30 oz. Vacuum Insulated Stainless Steel Tumbler, and Ozark Trail Vacuum Insulated Stainless Steel Cold1 (collectively, the "Accused Products") do not infringe or dilute any valid, enforceable trade dress of YETI. YETI's purported trade dress is invalid and unenforceable because it is generic, not distinctive, functional, and has not acquired secondary meaning. The Cold1 product does not infringe any valid or enforceable claim of the '397 patent. The '397 patent is also invalid and/or unenforceable for failing to meet one or more of the requisite conditions for patentability under Title 35 of the United States Code, including, without limitation, §§ 102, 103, 112, and/or 171. Finally, neither Olympia nor Walmart has engaged in any false designation of origin, unfair competition, misappropriation, or unjust enrichment.

3. **Possibility of Settlement**

   The Parties have been engaged in settlement discussions, and the Parties are continuing settlement discussions.

4. **Proposed Scheduling Order**

   The Parties will file a Proposed Scheduling Order by August 5, 2016, pursuant to Local Rule CV-16(c).

5. **Rule 26(f) Discovery Plan**

   The Parties conferred and agreed on the matters listed in Rule 26(f) as set forth below.

   a. <u>Rule 26(f)(3)(A) – Initial Disclosures</u>. The Parties do not request changes in the form or requirement for disclosures under Rule 26(a)(1)(A). The Parties have exchanged or will exchange initial disclosures by July 28, 2016.

   b. <u>Rule 26(f)(3)(B) – Subjects and Timing of Discovery</u>. The Parties anticipate discovery on all matters relevant to their pending claims and defenses, including, but not limited to, liability and damages. As set forth above, the Parties will file a proposed scheduling order setting forth a proposal for discovery.

   c. <u>Rule 26(f)(3)(C) – Electronically Stored Information</u>. The Parties are discussing terms and conditions for the preservation and production of Electronically Stored Information ("ESI") and the scope of electronic discovery. Counsel for YETI will send counsel for Defendants a proposed production agreement by August 10, 2016.

   d. <u>Rule 26(f)(3)(D) – Privilege Issues</u>. Given the nature of the Parties' claims and defenses, the Parties anticipate confidential information will be exchanged in this case. The Parties are therefore discussing a Protective Order that will be submitted to the Court for consideration. Counsel for YETI sent a proposed Protective Order to

counsel for Defendants on July 27, 2016. The proposed Protective Order included a section addressing the procedure for asserting claims of privilege and work product protection after production.

e. Rule 26(f)(3)(E) – Discovery Limitations. Other than the agreement set forth below, the Parties do not presently request any changes be made to the limitations on discovery beyond those imposed under the Federal Rules of Civil Procedure and the Local Rules, including, for example, Federal Rules of Civil Procedure 26, 33, 34, and 36 and Local Court Rules CV-26, CV-33, and CV-36. YETI anticipates needing more than the 10 depositions total under the Federal Rules of Civil Procedure because there are two different defendants in this case. Walmart and Olympia do not agree with expanding the number of depositions at this time because Olympia is Walmart's supplier for the three Accused Products, and YETI has asserted the same claims based on the same Accused Products against both Defendants. If needed, YETI will revisit this issue with Walmart and Olympia, and seek permission from the Court, at a later date.

   i. The Parties agree to endeavor to disclose the names of their respective 30(b)(6) witnesses and their designated topics at least three business days before the date of the deposition, reserving the right to change the designation in advance of the deposition to the extent necessary.

f. Rule 26(f)(3)(F) – Other Orders. At this time, the Parties have not requested any orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c), but the Parties will be requesting a Scheduling Order and Protective Order, as discussed above.

Dated: July 28, 2016

By: /s/ *Joseph J. Berghammer*
Kevin J. Meek
Texas Bar No. 13899600
kevin.meek@bakerbotts.com
**BAKER BOTTS LLP**
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: (512) 322-5471
Facsimile: (512) 322-3622

Joseph J. Berghammer (admitted in the Western District of Texas)
Illinois Bar No. 6273690
jberghammer@bannerwitcoff.com
Marc S. Cooperman (admitted *pro hac vice*)
Illinois Bar No. 6201035
mcooperman@bannerwitcoff.com
Janice V. Mitrius (admitted *pro hac vice*)
Illinois Bar No. 6243513
jmitrius@bannerwitcoff.com
Sean Jungels (admitted in the Western District of Texas)
Illinois Bar No. 6303636
sjungels@bannerwitcoff.com
**BANNER & WITCOFF, LTD.**
10 South Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone: 312-463-5000
Facsimile: 312-463-5001

**ATTORNEYS FOR
YETI COOLERS, LLC**

Respectfully submitted,

By: /s/ *Sherrard (Butch) Hayes*
Sherrard (Butch) Hayes
Texas Bar No. 00784232
shayes@wshllp.com
Sara E. Janes
Texas Bar No. 24056551
sjanes@wshllp.com
**Weisbart Springer Hayes LLP**
212 Lavaca Street, Suite 200
Austin, Texas 78701
512.652.5780
512.682.2074 fax

Tara D. Elliott (*Admitted pro hac vice*)
D.C. Bar No. 489850
tara.elliott@wilmerhale.com
**Wilmer Cutler Pickering Hale
 and Dorr LLP**
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
202.663.6000
202.663.6363 fax

Sameer Ahmed (*Admitted pro hac vice*)
Mass. Bar No. 688952
sameer.ahmed@wilmerhale.com
**Wilmer Cutler Pickering Hale
 and Dorr LLP**
60 State Street
Boston, Massachusetts 02109
617.526.6000
617.526.5000 fax

**ATTORNEYS FOR WAL-MART
STORES, INC.**

By: /s/ *Jerry R. Selinger*
Jerry R. Selinger
State Bar No. 18008250
**PATTERSON & SHERIDAN, LLP**
1700 Pacific Avenue, Suite 2650
Dallas, Texas 75201
Telephone: 214-272-0957

       Facsimile: 713-623-4846
       jselinger@pattersonsheridan.com

**ATTORNEYS FOR OLYMPIA TOOLS INTERNATIONAL, INC.**

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 28, 2016, I caused the foregoing document to be electronically filed with the Clerk of the court pursuant to the Electronic Filing Procedures and using the CM/ECF system, and that a true and correct electronic copy was thereby caused to be served on Defendants by and through Defendants' counsel of record.

      /s/  *Joseph J. Berghammer*
      FOR YETI COOLERS, LLC